# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee

v

FREDERICK PRINCETON NEAL,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2015

No. 318969
Kent Circuit Court
LC No. 13-000012-FC

Before: M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Defendant Frederick Princeton Neal appeals by right his bench convictions of three counts of assault with intent to commit murder, MCL 750.83; one count of carrying a concealed weapon (CCW), MCL 750.227; and one count of possessing a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced him as a third-offense habitual offender, MCL 769.11, to serve 35 to 60 years in prison for each assault conviction, to 3 to 10 years in prison for the CCW conviction, and to two years in prison for the felony-firearm conviction. Because we conclude there were no errors warranting relief, we affirm.

Neal's sole argument on appeal is that the prosecution failed to present sufficient evidence to support his convictions of assault with intent to commit murder. Specifically, he challenges whether there was any evidence that he had the specific intent to kill. See *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010) (stating that assault with the intent to commit murder requires proof that the defendant assaulted another with the actual intent to kill). This Court reviews a sufficiency of the evidence challenge in a bench trial de novo. *People v Lanzo Const Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). This Court reviews a challenge to the sufficiency of the evidence by reviewing "the record evidence de novo in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009).

When determining whether Neal had the specific intent to kill, the trier of fact could properly rely on circumstantial evidence and draw reasonable inferences from the evidence produced at trial. *People v Taylor*, 422 Mich 554, 568-569; 375 NW2d 1 (1985). In reaching its decision, the trier of fact could consider:

the nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made. [*Id.* at 568 (quotation marks and citation omitted).]

There was testimony and evidence that, on the night at issue, Neal and Ronald Payne-Myles went to a bar in Grand Rapids, Michigan, after Payne-Myles received a call from his ex-girlfriend, Amanda North, indicating she was with another man, Aaron Bennett. Payne-Myles confronted Bennett at the bar and they fought. The bar's security personnel then escorted the men outside.

Richard Snyder testified that, after escorting the men outside, he heard the shooter say, "[Y]a'll motherfuckers are going to die." Another witness, Derek Loutzenhiser, testified that he saw two men by an SUV and heard one of the men say, "I'm about ready to bust my nine." The shooter then proceeded to open fire, hitting Bennett, one of his friends, and another patron who was outside. Bennett testified that the shooter was about 8 to 10 feet away from the victims when he opened fire. The shooter drove off in a black Tahoe after the shooting. Neal was later identified as the shooter, and was found in possession of a black Tahoe and clothing matching the description given by witnesses.

From the evidence of the prior altercation, the proximity of the shooter to the victims, the statements made prior to the shooting, and the dangerous weapon used, a reasonable finder of fact could find that Neal fired his handgun with the specific intent to kill Bennett and his friend. *Taylor*, 422 Mich at 568. Additionally, where a defendant has the requisite intent but mistakenly injures an unintended victim, his intent may be transferred to the unintended victim. *People v Hodge*, 196 Mich 546, 550; 162 NW 966 (1917). Here, Neal's specific intent to kill Bennett and his friend may be transferred to the unintended victim.

There was sufficient evidence of Neal's intent.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra